58 661
70 284

HARRIE B. GIBBS AND ISABELLA GIBBS, PLAINTIFFS IN ERROR, v. THOMAS CRAIG, DEFENDANT IN ERROR.

1. Plaintiff sold defendant two lots and delivered to him a deed which he had received for one of them, with a blank for the name of the grantee, and a deed of the other in which there was also a blank for the name of the grantee. Plaintiff received in exchange a bond of a corpora-

tion, which defendant guaranteed. Defendant afterwards sold the lots to plaintiff's grantor, delivering to him the deed which plaintiff had received from such grantor, with the blank for the name of the grantee, and he and his wife executing a deed to such grantor for the other lot, after his wife's name had been filled in the deed executed to him by plaintiff. *Held,* that defendant was estopped from claiming that there was no consideration for his guaranty of such bond, whether the deeds received by him from plaintiff were valid as legal conveyances or not.

2. In an action for breach of a guaranty of a bond purchased by plaintiff from defendant, plaintiff claimed that the bond was worthless, and there was evidence that defendant knew the condition of the corporation at the time of the transfer of the bond to plaintiff, but there was no evidence of the value of the bond, either intrinsically or in the market at such time. *Held,* that a nonsuit was proper, in the absence of any claim by plaintiff in the trial court that she was entitled to nominal damages.

On writ of error to the Mercer Circuit.

For the plaintiffs in error, *Barton & Dawes.*

*Contra, William M. Lanning.*

The opinion of the court was delivered by

DEPUE, J.    The plaintiff Isabella Gibbs bought two lots of land, designated in the case as Nos. 12 and 14, of Frank M. Lanning, and received from him two deeds of conveyance. The deed for No. 12 was complete in all its parts.    The deed for No. 14 was executed and delivered by Lanning, with a blank for the name of the grantee.

Mrs. Gibbs subsequently sold the two lots to Craig, the defendant, and took as payment a bond of the Postal Telegraph Company for $1,000.    For lot No. 12 the plaintiff gave defendant a deed executed by her, with a blank for the name of the grantee.    For No. 14 she delivered to him the deed she got of Lanning, the blank for the grantee not having been filled in.    These deeds were delivered to the defendant, with blanks for the grantees' names, at the defendant's request, in order to save him the cost of having the deeds executed and the trouble of having new deeds made out in case he sold the property.

Afterwards, Craig sold the two lots to Lanning, the grantor of the plaintiff. For lot No. 14 Craig delivered to Lanning the same deed that Lanning had given to the plaintiff; for No. 12 he gave Lanning a deed executed by himself and wife, the blank in the deed for that lot having been filled in with the name of Mrs. Craig. In this way the title for the two lots, such as it is, got back to Lanning.

This suit was brought by the plaintiff to recover damages, upon an allegation that at the time the conveyance to him was made, Craig, in consideration thereof, promised and agreed that the Postal Telegraph Company was a good and solvent corporation, and that the said bond was worth $1,000, and was selling in the market for that sum. At the trial a motion to nonsuit was made at the close of the plaintiff's case, on two grounds—*first*, that the deeds of conveyance given by the plaintiffs to the defendant were void for the reason that no grantee was named in them, and therefore, that the consideration had failed; and *second*, that there was not sufficient proof of damages to allow the case to go to the jury. The nonsuit was granted, and this writ of error was brought to review that judicial action.

By the common law it was essential to the validity of a deed of conveyance that the grantee be named in it either *in personam*, or be designated therein so as to identify the grantee by distinguishing such grantee from all other persons. Consequently a deed executed and delivered with a blank for the name of the grantee was void. *Shep. Touch.* 53. A deed with a blank for the grantee was incomplete and imperfect. Whether authority to fill such a blank may be implied, or if expressly authorized, authority to that end may be conferred by parol, are questions on which the English and American cases are not agreed. 4 *Cruise Dig.* 25, and *Greenleaf's note* 2; *Elph. Deeds* 28; 5 *Ruling Cas.* 140–183. The English courts apply this doctrine to transfers of shares of stock, and hold that when the articles of association of the company require transfers by deed, a transfer under seal with a blank for the name of the transferee is invalid. *Hibblewhite* v. *Mc-*

*Morine*, 6 *Mees. & W.* 200 ; *Société Générale,* &c., v. *Tramways Union Co.*, 14 *Q. B. Div.* 424.. In this state it has been held that a bond intended to be negotiable, executed and delivered with a blank for the name of the payee, and a transfer of stock with a blank for the name of the transferee, were good. *Boyd* v. *Kennedy*, 9 *Vroom* 146 ; *Broadway Bank* v. *McElrath*, 2 *Beas.* 24.

It is not necessary in this case to discuss the validity of the deeds in question as legal conveyances of the lands. The English judges hold that a deed executed and delivered, with a blank for the name of the grantee, creates an equitable estate, or rather confers upon the purchaser a right to go into equity for a decree to perfect the conveyance. In the present case the office of the deeds was simply as the consideration for the defendant's promise. They were delivered to him in their imperfect condition at his request. He subsequently sold both lots to Lanning. He filled in the blank in one deed with the name of his wife as grantee, and united with her in the conveyance of that lot to Lanning, and for the other lot delivered back to Lanning the imperfect deed Lanning had given to Mrs. Gibbs. The defendant obtained in the deal exactly what he bargained for. There was no failure of consideration. If, by mistake, the deeds were imperfect, the defendant had a remedy by requiring the plaintiff to perfect the conveyance, and having disposed of the lots, he is now estopped from setting up a failure of the consideration on which his promise was made.

The other ground on which the nonsuit was applied for was that there was not sufficient evidence to enable the jury to assess damages for a breach of the contract of guaranty.

As already mentioned, the suit is, in form and action, *ex contractu* for a breach of contract. The breach assigned was that the Postal Telegraph Company was insolvent, whereby the said bond was worthless and valueless, and the damages claimed were the $1,000, the consideration agreed on as the value of the lots. The testimony in behalf of the plaintiff was that, at the time of the exchange, the defendant said that

the company at that time was in bad straits; that its wires were all down, and that, in consequence of the great expense required to repair them, the company was unable to meet its dividends, but that the bond was worth $1,000 in the market, and that he would guarantee it to be good; that in the succeeding August, when an interest coupon became due, the plaintiff's husband applied to the defendant to get the address of the company, so as to collect the interest; that the defendant said that was useless and it had been a defunct company for years. The testimony was that nothing had been collected or received on account of the bond or the coupons, and there was also testimony tending to show that the defendant, before this deal between the parties, had knowledge that the bonds of the company were not merchantable in the market.

It also appeared in the case that the bond in question was one of a number of bonds secured by a mortgage made by the company to the Farmers' Loan and Trust Company of New York city. To furnish the evidence necessary to enable the jury to estimate the plaintiffs' damages for the breach of the contract of guaranty, the plaintiffs offered in evidence a decree for the foreclosure of the mortgage, obtained in the Supreme Court of New York. In this condition of the evidence the motion to nonsuit was made and granted.

The damages recoverable for the breach of warranty are compensation, and the legal measure of damages, where consequential damages are not recoverable, as applicable to this case, consists in the difference between the value of the bond and the sum named as its value in the defendant's contract of guaranty. *Sedgw. Dam.* 287, 291; *Rutan* v. *Hopper*, 5 *Dutcher* 113; *Perrine* v. *Serrell*, 1 *Vroom* 455; *Hinchman* v. *Rutan*, 2 *Id.* 496, 497. Even in an action in tort to recover damages on an allegation of fraud in false representations concerning the value of property disposed of by means of such fraud, the value of the interest which the plaintiff obtained in the transaction and retained, must be deducted from the damages otherwise recoverable. *Crater* v. *Binnenger*, 4 *Vroom* 513. Of the value of the bond in question at the

time of the exchange, either intrinsically or in the market, there was no evidence whatever. Consequently, in the condition of the case when the nonsuit was granted, the jury could not have applied the legal rule of damages to the facts before them. If, upon this record, merely nominal damages might have been recovered, the attention of the trial court was not called to that aspect of the case by the plaintiffs' counsel, if, indeed, he would have been satisfied with that result.

The remaining assignment of error was upon an exception excluding testimony of a conversation with respect to property the plaintiff's mother had for sale. This conversation took place in the course of the negotiation between the parties in question. It was offered as part of the *res gestæ.* It is now insisted that this testimony was competent as evidence of a fraudulent intent on the part of the defendant. It is sufficient to say that as the offer was made, the testimony was properly excluded as irrelevant.

The judgment should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, DEPUE, GARRISON, LIPPINCOTT, LUDLOW, MAGIE, VAN SYCKEL, BOGERT, BROWN, SMITH.   11.

*For reversal*—None.